UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Phillip Horswell,                                    Civil No. 25-4563 (PAM/DLM)

        Plaintiff,

v.                                                                    **ORDER**

All 50 States and the District of Columbia,

        Defendants.

    Plaintiff Phillip Horswell, a civil detainee of the State of Minnesota, brings this action alleging that civil detention is unlawful and that all fifty states and the District of Columbia are violating the law through their civil-detention statutes. Horswell did not pay the filing fee for this matter, instead applying for in forma pauperis ("IFP") status. That IFP application is before the Court and must be considered before any other action may be taken in this matter.

    After review of the IFP application, the Court concludes that Horswell qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in

the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

Horswell's complaint is plainly an attack on the legality of his ongoing civil detention.[1] As Horswell has been told before, however, he cannot attack his civil detention in federal court through a non-habeas lawsuit. See Horswell v. State of Minnesota, Civ. No. 25-1004, 2025 WL 1373175 (D. Minn. Mar. 25, 2025) (Docherty, M.J.) (citing Heck v. Humphrey, 512 U.S. 477, 486–87 (1994); Thomas v. Eschen, 928 F.3d 709, 711–13 (8th Cir. 2019)). Nor can Horswell (again) pursue habeas relief on claims that he has not yet exhausted in the state courts. See Horswell v. State of Minnesota, Civ. No. 24-0949, 2024 WL 1722340, at 1–2 (D. Minn. Mar. 21, 2024) (Foster, M.J.). Because the facially valid judgment of commitment precludes Horswell from raising the claims that he seeks to litigate in this action, see Heck, 512 U.S. at 486–87, this matter must be dismissed without prejudice, see Gautreaux v. Sanders, 395 F. App'x 311, 312–13 (8th Cir. 2010) (per curiam) (modifying dismissal pursuant to Heck to be without prejudice).

---

[1] The Complaint also purports to be an attack on the validity of every civil detainee's civil detention across the country. Because Horswell is not an attorney, however, he cannot litigate claims on behalf of anyone other than himself. See 28 U.S.C. § 1654.

Accordingly, **IT IS HEREBY ORDERED that:**

1. This matter is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B); and

2. Plaintiff Phillip Horswell's application to proceed in forma pauperis (Docket No. 2) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 10, 2025

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge